UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| WOODCO DYNAMIC, LLC,<br>a Wyoming Limited Liability Co., | )<br>)<br>) | |
| Plaintiff, | )<br>) | 2:10-cv-00035 JWS |
| vs. | )<br>) | ORDER AND OPINION |
| VENETIAN INVESTMENTS, LLC,<br>a Maryland Limited Liability Co., | )<br>)<br>)<br>) | [Re: Motion at Docket 9] |
| Defendant. | )<br>) | |

## I. MOTION PRESENTED

At docket 9, defendant Venetian Investments, LLC ("Venetian") moves to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or alternatively on grounds of *forum non conveniens*. At docket 14, plaintiff WoodCo Dynamics, LLC ("WoodCo") opposes the motion. Venetian replies at docket 17. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

On September 15, 2008, 3536, LLC ("3536"), an Arizona limited liability company with its principal office in Phoenix, Arizona, entered into a Sale and Assignment Agreement ("Sale Agreement"), in which 3536 acquired rights to Region Bank's interest

in a certain promissory note secured by commercial real property located in Florida. On September 16, 2008, 3536 and Venetian, a Maryland limited liability company with its principal office in Gaithersburg, Maryland, executed a Conditional Assignment of Sale and Assignment Agreement (the "Assignment Agreement"), in which Venetian acquired 3536's right, title, and interest in the Sale Agreement.

As consideration for the Assignment Agreement, Venetian agreed to pay an assignment fee of $900,000 to 3536. The Assignment Agreement provided that Venetian was to pay 3536 in the following manner: "(I) $300,000 by wire transfer to Assignor by 12:00 p.m. E.D.T. September 19, 2008, and (ii) $600,000 on October 15, 2009 together with simple interest at the rate of 6.5% per annum."[1] The Assignment Agreement by its terms was governed by the laws of the State of Florida.

On September 19, 2008, Venetian paid 3536 $300,000 by wire transfer. Venetian made additional payments in the amounts of $25,000 on October 28, 2008, $25,000 on November 19, 2008, and $15,000 on January 12, 2009.[2] On March 4, 2009, Venetian executed a Promissory Note in 3536's favor, which provided in pertinent part:

> FOR VALUE RECEIVED, the undersigned Venetian Investments, LLC, a Maryland limited liability company, (hereinafter, the "Maker") promises to pay to the order of 3536, LLC, an Arizona limited liability company or its assignee (hereinafter, "Holder") at P.O. Box 427 Naples, FL 34106, or at such other place as the holder of this Note may from time to time designate, in lawful money of the United States of America, the principal sum of FIVE HUNDRED FORTY SEVEN

---

[1] Doc. 1-1 at p. 3.

[2] Doc. 1 at p. 2

THOUSAND FIFTY ONE DOLLARS ($547,051.00) upon the terms hereinafter provided.[3]

The Promissory Note further stated, "This Note is executed in and shall be governed, construed and enforced in accordance with the laws of the State of Maryland."[4]

On June 28, 2009, 3536 and WoodCo Dynamics, LLC ("WoodCo"), a Wyoming limited liability company with its principal office in Cheyenne, Wyoming, entered into an assignment agreement ("Beneficiary Assignment"), assigning all of 3536's right, title, and interest in the September 16, 2008 Assignment Agreement and Promissory Note with Venetian to WoodCo. The Beneficiary Assignment was signed by Gregory Jarrett, Managing Member of 3536, and Woodrow Jarrett, Managing Member of WoodCo. WoodCo was formed on June 4, 2009. Woodrow Jarrett is Gregory Jarrett's son. [5]

As of October 15, 2009, the balance due WoodCo under the Beneficiary Assignment, Promissory Note, and Assignment Agreement was $574,376.10, including interest. Venetian paid WoodCo the sum of $50,000 on December 14, 2009.[6]

On January 8, 2010, WoodCo filed a complaint against Venetian for breach of contract. The complaint alleges that the "Assignment [Agreement] and Beneficiary Assignment constitute a valid and enforceable contract" between WoodCo and Venetia, and that Venetian breached the express terms of that contract.[7]

---

[3]Doc. 1-1 at p. 9.

[4]*Id.*

[5]Doc. 9-1 at p. 8.

[6]Doc. 1 at p. 3.

[7]Doc. 1 at p. 3.

### III. STANDARD OF REVIEW

"It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant."[8] "Where, as here, the district court 'rel[ies] on affidavits and discovery materials without holding an evidentiary hearing, dismissal is appropriate only if the plaintiff has not made a prima facie showing of personal jurisdiction.'"[9] In ruling on a motion to dismiss for lack of personal jurisdiction, uncontroverted facts in plaintiff's complaint must be taken as true, and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor."[10]

### IV. DISCUSSION

Venetian moves to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. In order to establish jurisdiction, WoodCo must establish that Arizona's long-arm statute provides personal jurisdiction over non-resident defendant Venetian and that the exercise of jurisdiction does not violate federal constitutional principles of due process.[11] Because Arizona's long-arm statute confers jurisdiction to the same extent permitted by the Due Process Clause of the United States Constitution, the court applies the federal due process framework.[12]

---

[8] *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

[9] *Bauman v. DaimlerChrysler Corp.*, 579 F.3d 1088, 1094 (9th Cir. 2009) (quoting *Fields v. Sedgwick Assoc. Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986)).

[10] *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir. 2009) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

[11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

[12] *C.E. Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107 (9th Cir. 2004); *Bauman*, 579 F.3d at 1094.

"Due process requires that a nonresident defendant have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice."[13] Depending on the type and extent of defendant's contacts, a plaintiff may assert either general or specific jurisdiction. Here, WoodCo concedes that there is no general jurisdiction over Venetian, but argues that the court has specific jurisdiction over Venetian.[14]

The court employs a three-prong test to determine whether Venetian has sufficient minimum contacts to be susceptible to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.[15]

**Purposeful Availment or Purposeful Direction**

The first prong is satisfied by either purposeful availment or direction. A purposeful availment analysis is most often used in suits, such as the one at bar, which sound in contract.[16] The purposeful availment prong requires a "qualitative evaluation" of Venetian's contact with the State of Arizona in order to determine whether Venetian's

---

[13] *Bauman*, 579 F.3d at 1094.

[14] Doc. 14 at p. 4.

[15] *Schwarzenegger*, 374 F.3d at 802 (citation omitted).

[16] *Brayton Purcell*, 575 F.3d at 985.

conduct and connection with Arizona "are such that [Venetian] should reasonably anticipate being haled into court there."[17] In a breach-of-contract action, the court "typically inquire[s] whether a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummate[s] [a] transaction' in the forum, focusing on activities such as delivering goods or executing a contract."[18]

Crediting WoodCo's version of the facts as contained in the affidavits and documentary evidence, it appears that Venetian's contacts with Arizona consist of entering into a contract with 3536, an Arizona limited liability company, and sending payments to a Bank of American account in Arizona. These limited contacts are insufficient to establish that Venetian purposefully availed itself of the privilege of doing business in Arizona, particularly when the Assignment Agreement was executed in Florida, concerned property in Florida, and by its terms was governed by the laws of Florida.[19]

Moreover, Venetian's limited contacts with Arizona have little relation to the breach-of-contract claim WoodCo now seeks to bring based on the Promissory Note, which 3536 assigned to WoodCo. The Promissory Note was executed in Maryland, is governed by the laws of Maryland, and provides that payments shall be paid to a post office box in Florida. Consequently, WoodCo fails at step one of the test for specific

---

[17]Harris Tursky & Co., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir.2003) (citations and quotations omitted).

[18]*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc).

[19]*See, e.g., Burger King*, 471 U.S. at 478 ("However, an individual's contract with an out-of-state party alone [cannot] automatically establish sufficient minimum contacts to support personal jurisdiction.") (internal quotation marks and citations omitted).

jurisdiction. Because WoodCo failed at the first step, the jurisdictional inquiry ends, and the court need not address the remaining two prongs.[20]

## V. CONCLUSION

For the reasons set out above, Venetian's motion to dismiss at docket 9 is **GRANTED**. The Clerk of Court is directed to enter judgment dismissing this matter without prejudice for lack of personal jurisdiction.

DATED this 4th day of May 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[20] *Boschetto*, 539 F.3d at 1016.